IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

HECTOR ARELLANO,   Civ. No. 2:20-cv-00371-SU

        Plaintiff,   **OPINION & ORDER**

   v.

LAMB WESTON, INC.,

        Defendant.

SULLIVAN, Magistrate Judge.

    Plaintiff Hector brings this personal injury action against Defendant Lamb Weston Inc. for injuries sustained when he injured by an employee of Lamb Weston. The case was originally filed in Umatilla County Circuit Court and Lamb Weston removed the case to this Court on March 6, 2020. ECF No. 1. The parties have consented to magistrate jurisdiction in this case. ECF Nos. 8, 14. This matter comes before the Court on a motion to dismiss filed by Lamb Weston. ECF No. 4. The Court heard oral argument on August 6, 2020. ECF No. 13.

    For the reasons set forth below, the motion is GRANTED and the Complaint is dismissed with leave to amend. Plaintiff shall be given thirty days in which to file an amended complaint.

**LEGAL STANDARD**

    To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## BACKGROUND

Defendant Lamb Weston, Inc. is a food produce supplier in Umatilla County and does business with warehouse companies, including Americold Logistics. Compl. ¶ 1. ECF No. 1-1. Plaintiff Hector Arellano was an employee of Americold Logistics. *Id.* at ¶ 2.

On January 17, 2018, Arellano was working Americold Logistics when an employee of Lamb Weston picked up on of the pallets in an area where Arellano was working. Compl. ¶ 2. As a result, Arellano was pinned between two pallets with a strapping gun to his chest. *Id.* Arellano suffered considerable injuries as a result of being pinned. *Id.* at ¶ 5. Although the Complaint does not clearly allege that the Lamb Weston employee was using a forklift at the time of accident, the Complaint does allege that Lamb Weston failed to "train their employees how to drive a forklift to properly unload a pallet." *Id.* at ¶ 4. From this, the Court infers that the accident involved the use of a forklift.

## DISCUSSION

Arellano brings claims against Lamb Weston (1) for negligence and (2) under the Oregon Employer Liability Law, ORS 654.305-654.335. Lamb Weston moved to dismiss both claims for failure to state a claim. In the alternative, Lamb Weston moves for a more definite and certain statement under Rule 12(e).

I.  **Employer Liability Law**

The Oregon Employer Liability Law ("ELL") provides:

> Generally, all owners, contractors or subcontractors and other persons having charge of or responsibility for, any work involving a risk or danger to the employees

> or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device without regard to the additional cost of suitable material or safety appliance and devices.

ORS 654.305.

The ELL can serve as the basis of a claim against a non-employer when the defendant is "in charge of or [has] responsibility for work involving risk or danger in either (a) a situation where defendant and plaintiff's employer are simultaneously engaged in carrying out work on a common enterprise, or (b) a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed." *Miller v. Georgia-Pacific Corp.*, 294 Or. 750, 754 (1983).

The "common enterprise" test allows the ELL to be "invoked against a third party employer when the third-party employer defendant and the plaintiff's employer participated in a common enterprise involving an intermingling of duties and responsibility of the employees of both employers." *Sacher v. Bohemia, Inc.*, 302 Or. 477. 485-86 (1987) (en banc) (internal quotation marks and citations omitted). However, this "participation must be more than a common interest in an economic benefit which might accrue from the accomplishment of the enterprise." *Id.*

In this case, Arellano alleges Lamb Weston "was in charge of and had responsibility for unloading the pallet," and the "failure to prevent, protect, or guard against untrained users unloading the pallets created a risk and danger and was the cause of the plaintiff's injuries." Compl. ¶ 9. Based on the Complaint, it appears that the unloading of pallets is the risk-producing activity in question, although Arellano has suggested in his briefing that that operation of forklift might constitute the risk-producing activity.

Aside from the vague allegation that Lamb Weston "engages in business transactions with warehouses such as Americold Logistics," the Complaint fails to allege that Lamb Weston and Americold Logistics were in a common enterprise. Similarly, the Complaint fails to clearly allege that Lamb Weston either controls or retrains a right to control the manner or method in which the risk producing activity is performed.

The Court concludes that Arellano has failed to sufficiently allege a claim under the ELL in the present Complaint, although this might easily be remedied by the allegation of additional facts.

**II.     Negligence**

Arellano alleges that the Lamb Weston, acting through its agents or employees was negligent: (1) in failing to have policies, procedures, and rules in place to avoid injuring people they knew or should have known would be in the unloading area; (2) in failing to instruct their employees on how to maintain a proper lookout when unloading the pallet; and (3) in failing to train their employees on how to drive a forklift to properly unload a pallet. Compl. ¶ 4.

"To prove a negligence claim under Oregon law, [a plaintiff] must show that (1) the defendant owed him a duty, (2) they breached that duty, and (3) the breach was the cause in fact of some legally cognizable damage" to the plaintiff. *Cain v. Bovis Lend Lease, Inc.*, 817 F. Supp.2d 1251, 1279 (D. Or. 2011). "In Oregon, 'cause' means 'cause in fact' which 'generally requires evidence of a reasonable probability that, but for the defendants negligence, the plaintiff would not have been harmed.'" *Id.* (quoting *Joshi v. Providence Health Sys. of Oregon Corp.*, 198 Or. App. 535, 538-39 (2005)).

"[U]nless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting

from defendant's conduct properly depends whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Fazzolari by and through Fazzolari v. Portland Sch. Dist. No. 1J.*, 303 Or. 1, 17 (1987).

In this case, Arellano has alleged only that he was "pinned between two pallets . . . when an employee of Lamb Weston picked up one of the pallets in an area where Plaintiff was working." Compl. ¶ 2. The Complaint does not clearly allege that Lamb Weston's actions or failure to train were the cause of Arellano's injury, nor does it clearly allege that the harm to Arellano was foreseeable. Lamb Weston's motion to dismiss is therefore GRANTED.

### III.   Leave to Amend

Arellano has requested leave to amend the complaint. Federal Rule of Civil Procedure 15 provides that Courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the defects in the Complaint could easily be remedied by the allegation of additional facts establishing, for instance, the relationship between Lamb Weston and Arellano's direct employer and the nature of the accident that caused Plaintiff's injuries. Dismissal is therefore with leave to amend.

### CONCLUSION

Defendant Lamb Weston's Motion to Dismiss is GRANTED and the Complaint is DISMISSED with leave to amend. Plaintiff shall be given thirty (30) days in which to file an amended complaint.

It is so ORDERED and DATED this 28th day of October 2020.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge